RUSSELL R. YOCHAM v. THE STATE.

No. 21033. Delivered May 1, 1940.

The opinion states the case.

*Stinson, Hair, Brooks & Duke,* of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is driving an automobile on a public highway while intoxicated; the punishment, a fine of $50.00 and confinement in jail for 60 days.

The testimony of the State was to the effect that on the 13th day of February, 1939, appellant drove his automobile on a public highway while he was intoxicated. Appellant was accompanied by his father at the time. Appellant testified that his father was drunk, but declared that he (appellant) had not been drinking.

Appellant was arrested in his home soon after he had been driving his car. The testimony of witnesses for the State was to the effect that appellant was drunk at the time he was arrested. Appellant admitted that he drank whisky after reaching home.

Appellant excepted to the charge of the court because of its failure to instruct the jury, in substance, that if they believed from the evidence he was in an intoxicated condition at his home at the time of his arrest "they would have to go further and find and believe from the evidence that he was under the influence of intoxicating liquor at the time and place alleged in the indictment." One of the issues for the jury to determine was whether appellant was intoxicated at the time he drove his automobile. Witnesses for the State testified that he was in an intoxicated condition. Appellant's testimony constituted a denial of the charge that he was drunk. We are unable to agree with appellant that under the circumstances it was incumbent upon the court to do more than require the jury to believe that appellant was intoxicated at the time he operated his automobile. This the court did. We see nothing in the testimony of appellant presenting an affirmative defense. We think the exception was not well taken.

Bill of exception No. 1 recites that the State elicited from appellant on cross-examination that he was married but did not live with his wife. The court sustained appellant's objection and instructed the jury to disregard the question and answer for any purpose. The circumstances that might have caused the separation of appellant and his wife were not before the jury. They were not apprised by the question and answer that appellant was at fault. Hence we are of opinion that the statement of appellant that he was separated from his wife was not

obviously prejudicial. In view of the instruction of the trial court, we are constrained to hold that the bill of exception fails to reflect reversible error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.