## OCTOBER 25, 1944

JAMES ANTHONY V. THE STATE.

No. 22928. Delivered October 25, 1944.

The opinion states the case.

*Clyde E. Thomas,* of Big Spring, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of aggravated assault and his punishment was assessed at a fine of $100.00.

The complaint and information charged two phases of the offense of aggravated assault under Art. 1147, P. C. In the first count, it was charged that on or about the 20th day of August, 1943, appellant, being then and there a person of robust health and strength, did unlawfully commit an aggravated assault in and upon W. E. Chisum, who was then and there an aged and decrepit person. In the second count, it was charged that appellant did unlawfully commit an assault in and upon W. E. Chisum with a chair, the same being then and there a deadly weapon, etc. The court submitted the case to the jury on both counts. They found appellant guilty under the first count and assessed his punishment as above stated.

Appellant brings forward four bills of exception. Bill No. 1 complains of the answer given by the deputy sheriff, Ed Hatch,

to a question propounded to him by the county attorney as to what appellant said at the time of his arrest; that his reply was: "I whipped that G-- d---- old man and I'm going to get the other son of a b---." Counsel for appellant objected to the question and answer, whereupon the court withdrew the same and instructed the jury not to consider the same for any purpose. The bill complaining of this matter shows that appellant was not under arrest at the time he made the statement; but was arrested soon thereafter. Under the facts disclosed by the bill, no error is shown to have been committed.

Bill No. 2 complains of the following question propounded to Mr. Hatch by the county attorney:

"Will you state whether or not the defendant at the time appeared to be drinking?"

Appellant objected to the question, whereupon the county attorney promptly withdrew the same. He contends, however, that although the question was withdrawn and was not answered, its prejudicial and harmful effect could not be erased from the minds of the jury by the withdrawal thereof. We are not in accord with this contention. It is said in 4 Tex. Jur. p. 590, sec. 415, as follows:

"Ordinarily error in admitting evidence may be corrected and rendered harmless by a prompt and definite withdrawal thereof by the court and an instruction to the jury to disregard it."

In the case of Miller v. State, 31 Tex. Cr. R. 609 (636) this court, speaking through Judge Davidson, said:

"The effect of withdrawing and excluding testimony erroneously admitted, which was or may have been prejudicial in its nature and tendency, has been the subject of much discussion in the courts, and the decisions are not harmonious upon the question. The weight of authority, however, seems to be that such withdrawal cures the error, and such has been the opinion entertained by this court," (citing a number of cases in support of the rule.)

See also Yocham v. State, 139 Tex. Cr. R. 219.

Bill of Exceptions No. 3 shows that on cross-examination of appellant, the county attorney inquired of him if, on the day in question, he didn't have trouble with his wife. This he denied and objected to the question on the ground that it was irrelevant

and prejudicial. The court sustained the objection and instructed the jury not to consider the same for any purpose. He contends, however, that notwithstanding the court's instruction the question was so highly prejudicial that the court could not effectively withdraw the harmful effect thereof. We are unable to agree with him. That the inquiry was irrelevant and had no relation to the offense charged may be conceded, yet his reply thereto, no doubt, had a modifying effect, and the court's instruction following the reply obliterated whatever prejudice it may have created. In Branch's Ann. P. C., p. 213, sec. 382, the rule is stated as follows:

"If the illegal testimony admitted is not of a very material character and is not likely to prejudice the jury against the defendant, the error in admitting it over objection is cured by withdrawing it from the consideration of the jury."

Bill No. 4 complains of the following remarks of the county attorney in his closing argument to the jury:

"I have tried to get a number of times, some testimony before you so you could have the whole picture, but in many instances, Mr. Thomas objected so as to keep this testimony away from you."

Appellant's counsel objected but the county attorney was permitted to conclude with the following statement:

"This is true particularly with reference to what Mrs. Chisum would have said had not Mr. Thomas objected."

This bill is also qualified by the court, who states in his qualification that the argument complained of was invited by appellant's counsel. However, the court instructed the jury not to consider such argument for any purpose. Under the facts as reflected by the court's qualification of the bill and the withdrawal of same from the jury, we are of the opinion that no reversible error is reflected by the bill.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.